**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY CARR MCGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-00977-MTS |
| | ) | |
| BERKELEY POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Previously, this Court ordered Plaintiff to prepay the entire filing fee or file a certified copy of his prison account statement.  Doc. [5]; *see also* 28 U.S.C. § 1915(a)(2).  In response, Plaintiff submitted an *uncertified* copy of his account statement.  Doc. [7].  He offered no explanation why he disregarded the Court's order and the relevant statute.  *Id.*  Because Plaintiff has failed to submit a certified copy of his inmate account statement, the Court will deny Plaintiff's Application.  *See* 28 U.S.C. § 1915(a)(2).  Normally, the Court might provide a prisoner a final opportunity to file a certified version.  Here, though, the Cort will not do so.

Plaintiff's (uncertified) inmate account statement shows multiple deposits into his inmate account from at least two outside senders as well as regular payroll deposits.  Doc. [7].  Despite these deposits, Plaintiff declared under penalty of perjury[*] on his Application that "[i]n the past 12 months," he had not "received income" from "[g]ifts or inheritances" or from *any* "other sources."  Doc. [3].  He swore that he had "0" wages,

---

[*] *See* 28 U.S.C. § 1621 (punishing perjury with a fine and imprisonment of up to five years).

and he indicated that he had no money "in cash" or "in a checking or savings account." *Id.* The regular deposits into Plaintiff's prisoner account are irreconcilable with Plaintiff's representations that he has had *no* wages, gifts, or income from *any* source within the last twelve months. These misrepresentations are especially troubling because Plaintiff has an extensive history litigating in this Court (i.e., filling out this form). *See, e.g.*, *Glover v. Schriro*, 4:95-cv-2083-GFG (E.D. Mo.).

A district court has discretion to dismiss an action with prejudice where the plaintiff has in bad faith filed a false affidavit of poverty. *See Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990) (affirming dismissal with prejudice where plaintiff submitted false financial affidavit); *Askew v. Union Pac. Motor Freight Co.*, 998 F.2d 1018 (8th Cir. 1993) (per curiam) (unpublished table decision) (affirming dismissal with prejudice where district court found plaintiff "deliberately misstated his financial condition"). Instead of dismissing this action with prejudice, the Court will deny Plaintiff the privilege of proceeding without prepaying the filing fee in this action. *See Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991) (noting proceeding *in forma pauperis* is not a right but a privilege); *see also Whiteside v. Scurr*, 750 F.2d 713, 714 (8th Cir. 1984) (en banc order) ("Perjury is a most serious offense and anyone who commits perjury should be punished for it."); *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (noting "perjury is among the worst kinds of misconduct").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Anthony Carr McGee's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [3], is **DENIED**. No

later than **<u>Wednesday</u>**, **<u>September 17, 2025</u>**, Plaintiff shall prepay the $405 filing fee in full. **Failure to do so will result in the dismissal of this action without further notice.**

    Dated this 27th day of August 2025.

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE